## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

KWAN MILLER aka KENNETH MILLER,
Defendant

Criminal Complaint

CASE NUMBER: 07-123 M (MPT)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about JULY 18, 2007 in the District of Delaware, Defendant KWAN MILLER aka KENNETH MILLER did knowingly:

1) possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,
in violation of Title    18    United States Code, Section(s) 922(g)(1) and 924(a)(2); and
2) possess in and affecting interstate and foreign commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,
in violation of Title    18    United States Code, Section(s) 922(g)(1) and 924(a)(2).

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

FILED
JUL 19 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Patrick Fyock
Special Agent, ATF

Sworn to before me and subscribed in my presence,

JULY 19, 2007                                    at         Wilmington, DE
Date                                                         City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

### AFFIDAVIT OF:  Patrick W. Fyock

1. Your affiant is Patrick Fyock. Your affiant has been a Special Agent for over five and a half years with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives(ATF). During that time, my duties have included the investigation of federal and state firearms offenses. Prior to being hired by ATF, I was employed as a Police Officer for seven years with the Nationally Accredited New Castle County Police Department in Delaware. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on numerous occasions, including but not limited to the ATF Academy, New Castle County Police Academy, Firearms identification classes, Firearms Nomenclature classes, and Firearms identification classes at the Federal Law Enforcement Training Center. During the course of your affiant's law enforcement career, your affiant has participated in over 80 seizures of firearms and well over 120 investigations of firearms offenses, as well as numerous conversations about the facts and circumstances of firearms offenses with the investigating officers of those firearms offenses.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and a conversation with a Delaware State Probation Officer who has personal knowledge of the below listed facts.

3. The seizure of all the below stated evidence occurred on July 18, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by a Delaware State Probation and Parole Senior Probation Officer .

4. Your affiant reviewed the computer criminal history information for Defendant Kwan Miller AKA Kenneth Miller (hereinafter "Miller"), from the Delaware Justice Information System (DELJIS) and learned that prior to July 17, 2007, Miller was convicted of the following felonies punishable by imprisonment for a term exceeding one year in the Superior Court of the State of Delaware: Possession with Intent to Deliver a Narcotics Schedule 2 Controlled Substance; Distribution, Delivery or Possession of a Controlled Substance within 300 feet of a Park; Reckless Endangerment 1st Degree [that] Creates a Substantial Risk of Death To Another, and Conspiracy 2nd  degree.

5. On 7/18/07, a Delaware State Probation Officer was contacted by Delaware State Probation Supervisor regarding Kwan Miller. This supervisor advised that he/she received information from the Delaware State Police that Miller was in possession of a large quantity of crack cocaine. According to the Delaware State Police, this information was corroborated by two independent sources. It was also learned at this time that Miller had an outstanding capias for Driving While Suspended/Revoked.

6. A Delaware State Probation Supervisor authorized an Administrative Search of Miller's residence in Wilmington, in the State and District of Delaware. On 7/18/07, Delaware State Probation Officers from the Safe Streets Task Force executed the Administrative Search at the defendant's residence in Wilmington, State and District of Delaware. A Wilmington Police Officer of the Safe Streets Task Force provided security. Upon arrival of the Probation Officers and Wilmington Police Officer there on July18, 2007, they saw Miller sitting on the rear steps of that residence. When Miller observed the officers, he ran in the back door of that residence. The probation and police officers then approached that residence on foot and walked onto the front porch where they observed Miller opening the front door. Miller was immediately placed into custody for the outstanding capias by the Wilmington Police Officer and advised of the Administrative Search. Also present in the defendant's residence was the sole other resident, Miller's grandmother. The grandmother was advised of the Administrative Search and gave verbal consent to the responding officers stating that they could search the entire residence.

7. Miller's grandmother provided a Probation Officer with a key to the basement area of the residence. It should be noted that to gain access to the basement, you must enter from the outside through a secured door. The Probation Officer entered the basement area and observed an unloaded Marlin Model 980 DL, 22 Caliber bolt-action rifle that was in plain view, leaning against the wall next to the door. The barrel on this rifle was rusty and pitted and the serial number could not be identified.

8. During the search of the first floor, a Probation Officer was walking up the stairs towards the second floor and observed a handgun that was lying on top of a dark brown China Cabinet in the dining room area. The Handgun was retrieved and identified as a Kel-Tec Model P 11, 9mm Luger semi-automatic pistol, serial number 123096. This pistol was loaded with 9 rounds in the magazine and one round in the chamber. Along with the aforementioned firearm, the Probation Officer observed 5-6 picture frames and a wooden bowl on top of the China cabinet. It should be noted that these items were extremely dusty and the firearm was clean and dust free. Also seized during the Administrative Search was $2,000 in US currency and a medium sized plastic bag that contained approximately 15-20 smaller plastic bags. Observed inside some of the smaller plastic bags was a white powdery residue that field tested positive for the presence of Cocaine.

9. After Miller was arrested and taken from the residence, his grandmother was interviewed by Probation Officers. During this interview, his grandmother stated that she did not own or posses the two firearms that were found during the Administrative Search and she had no knowledge that these firearms were even in her residence. She further advised that

approximately 2 weeks ago, she cleaned / had the basement cleaned and also had the basement door and lock replaced. She was sure that the Marlin Model 980 DL 22 caliber rifle that was seized during the Administrative Search was not in the basement at the time she cleaned it/ had it cleaned. The grandmother further advised that she and Kwan Miller are the only two people who live in that residence in Wilmington, DE. The grandmother wanted to provide a written statement confirming the above, but had trouble writing due to severe arthritis in both hands. A Probation Officer agreed to write the statement and the other resident initialed each of the 4 paragraphs and signed and dated the bottom of the page. This written statement was witnessed by another Probation Officer. The grandmother signed the statement.

10. According to a Probation Officer who observed her, Miller's grandmother appeared to have poor vision, trouble walking and severe arthritis in both hands which made it difficult for her to initial and sign the statement. It should be noted that the grandmother is elderly, approximately 5'4" and could not have reached the top of the dark brown China Cabinet without some type of chair or stool. Due to theses facts, it is the Probation officer's opinion that the arthritic condition of the residents hands would make it extremely difficult for her to hold or shoot a firearm.

11. From training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above - mentioned firearms were manufactured in a state other than Delaware such that their possession in Delaware would have necessarily required that the firearms had crossed state lines prior to their possession in Delaware and such that the possession of the firearms in Delaware affected interstate commerce.

12. Your affiant learned from a Probation Officer who has personal knowledge of the facts that the firearms taken into custody during this investigation appeared to be capable of expelling a projectile by action of an explosive.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate commerce two firearms, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging those offenses.

_____
Patrick W. Fyock
Special Agent, ATF

Sworn to and subscribed in my presence
this 19 day of July 2007

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware