IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-123-JJF |
| KWAN MILLER, | : | |
| Defendant. | : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE**

Defendant, Kwan Miller, through his counsel, Keir Bradford, hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth Amendment of the United States Constitution, for an Order suppressing the use by the government any and all evidence seized from Mr. Miller's residence, on or about July 18, 2007.

In support of this motion Mr. Miller submitts as follows:

1.    The indictment filed on August 16, 2007, defendant Kwan Miller was charged with two counts of possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

2.    The indictment alleges that on July 18, 2007, defendant was in possession of a Kel-Tec Model P11, nine millimeter Luger semi-automatic pistol, and a Marlin Model 980DL, 22 caliber bolt-action rifle; the forfeiture section of the indictment suggests, in addition, that defendant was in possession of ten rounds of nine millimeter ammunition.

3.    The firearms and ammunition were seized by the Delaware State Probation Office during a warrantless search of defendant's residence.

4. The circumstances surrounding the warrantless search are discussed in an affidavit supporting criminal complaint submitted by ATF Agent Patrick Fyock.

5. Paragraph 2 of the affidavit states that, "[u]nless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and a conversation with a Delaware State Probation Officer who has personal knowledge of the below listed facts."

6. Agent Fyock represents, in relevant part, as follows: [1]

7. "On 7/18/07, a Delaware State Probation Officer was contacted by [a] Delaware State Probation Supervisor regarding Kwan Miller." (Aff., par. 5).

8. "This supervisor advised that he/she received information from the Delaware State Police that Miller was in possession of a large quantity of crack cocaine." (Aff., par. 5).

9. "According to the Delaware State Police, this information was corroborated by two independent sources." (Aff., par. 5).

10. "A Delaware State Probation Supervisor authorized an Administrative Search of Miller's residence in Wilmington, in the State and District of Delaware." (Aff., par. 6).

11. "On 7/18/07, Delaware State Probation Officers from the Safe Streets Task Force executed the Administrative Search at the defendant's residence in Wilmington, State and District of Delaware." (Aff., par. 6).

---

[1] The facts contained in this motion were taken from the affidavit of Agent Fyock. The citation of the affidavit in no way concedes that events transpired as stated in the affidavit. It is Mr. Miller's position is that an Evidentiary Hearing is needed to further develop the facts with regard to this motion.

12. It is unclear from the affidavit whether there were two or three "independent sources" who told State Police that defendant was in possession of crack cocaine; what *is* clear is that affidavit does not contain any information regarding the reliability of the alleged independent sources.

13. The affidavit does not indicate whether the independent sources were identified or anonymous.

14. The affidavit does not indicate the date on which the information was provided by the independent sources.

15. The affidavit does not indicate whether the information concerned contemporaneous events, or whether the information concerned events which occurred weeks or months earlier.

16. The affidavit does not indicate whether there was a prior course of conduct which gave the State Police Officer reason to believe that the sources were reliable.

17. In addition, the affidavit does not indicate whether the State Police Officer received the information directly from the independent sources, or whether the Officer was relying on hearsay transmitted through intermediaries.

18. In United States v. Rysheen Bowers, 2006 WL 1537378, Criminal Case No. 133 of 2004 (D.Del., June 5, 2006), Judge Jordan discussed three legal standards which are applicable in assessing the lawfulness of a warrantless parole or probation search.

19.     First, when a search and seizure is conducted without a warrant, the burden is on the Government to prove, by a preponderance of the evidence, the applicability of an exception to the Fourth Amendment warrant requirement.  United States v. Herrold, 962 F.2d 1131, 1137 (3d Cir. 1992).

20.     Second, probation and parole searches must meet a "reasonable suspicion" standard, rather than the more demanding "probable cause" standard.  United States v. Knights, 534 U.S. 112, 121, 122 S.Ct. 587, 592 (2001).

21.     Third, whether suspicion is "reasonable" is judged under the totality of the circumstances.  Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 2416 (1990).

22.     In Alabama v. White, the Supreme Court noted that an informant's tip *may* establish reasonable suspicion, but that the informant's "veracity," "reliability," and "basis of knowledge" are relevant to whether the reasonable suspicion standard has been met.  Id., 496 U.S. at 328-29, 110 S.Ct. at 2415.

23.     There is no evidence in the record, regarding the veracity of the alleged independent sources.

24.     There is no evidence in the record, regarding the reliability of the alleged independent sources.

25.     There is no evidence in the record, regarding the "basis of knowledge" of the alleged independent sources.

26.     Because the State Probation Office acted without a warrant, and because the State Probation Officer acted without the information necessary to support a "reasonable suspicion" of criminal behavior, the search and seizure violated the Fourth Amendment of the United States Constitution, and the firearms and ammunition identified in the indictment should be ordered suppressed.

**WHEREFORE**, it is requested that an evidentiary hearing be scheduled, and that defendant Kwan Miller's Motion to Suppress Physical Evidence be GRANTED.

Respectfully submitted,

  /s/
Keir Bradford, Esquire
Assistant Federal Public Defender

Attorney for Kwan Miller

One Customs House
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
ecf_de@msn.com

Dated: March 7, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-123-JJF |
| | : | |
| KWAN MILLER, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

AND NOW, this ___ day of _____, 2008, upon consideration of defendant Kwan Miller's Motion to Suppress Physical Evidence, it is hereby ordered that this motion is GRANTED. The firearms and ammunition identified in the indictment are hereby ordered SUPPRESSED.

By the Court,

_____
Honorable Joseph J. Farnan, Jr.
United States District Court